9 Cal.Rptr.3d 854 (2004)
115 Cal.App.4th Supp. 1
The PEOPLE, Plaintiff and Respondent,
v.
Jimmy L. NABONG, Defendant and Appellant.
No. AD 4740.
Appellate Division, Superior Court, San Mateo County.
January 14, 2004.
Sarah Boxer, Deputy District Attorney, Redwood City, CA, for plaintiff and respondent.
James P. McLaughlin, Attorney At Law, San Mateo, CA, for defendant and appellant.

OPINION
HOLM, P.J.
Appellant appeals the denial of his motion to suppress, contending that the trial judge erred in concluding that his detention was lawful.
On January 6, 2003 appellant was detained after being stopped by Officer Begley of the Daly City Police Department for a violation of Vehicle Code section 4000, subdivision (a) (driving with expired registration). Officer Begley noticed that appellant's car was traveling with an expired registration tag on his license plate.
Officer Begley also saw, however, a "number in the window which is temporary registration." The car did have a "temporary registration for the month of January in the rear window of the vehicle." He *855 said it "could come from anywhere and [in his mind] doesn't necessarily ... mean that it had valid registration." He testified that in his "training and experience numerous individuals have been known to place the temporary registration stickers on the wrong vehicle." In his limited experience (one and a half years as a police officer) he has stopped approximately 30 to 40 vehicles displaying apparent temporary registrations stickers, with about half of them turning out to be valid.
Other than the registration issue appellant did not do anything to justify any stop. As a result of the stop, stolen property was found in appellant's possession. In the trial court he moved to suppress the discovery of this evidence, based upon the claimed illegal detention. Respondent argued that the stop was valid because all that is needed is "reasonable suspicion" that a crime occurred. The trial court agreed and denied the motion to suppress. From that ruling, appellant appeals.
There is no dispute about the evidence; therefore, the issue is solely one of law.[1] "A traffic stop is justified at its inception if based on at least reasonable suspicion that the driver has violated the Vehicle Code or some other law."[2] Do the facts present a reasonable suspicion that appellant violated the Vehicle Code?
If the sole issue were the expired registration tab on the rear license plate, then the answer would be surely yes.[3] As long as the registered owner of a vehicle has timely applied for renewal of his car registration, however, the driver's car may be operated on the highway until new indicia of current registration has been received from the Department of Motor Vehicles.[4] Proof of this temporary registration may be displayed in the lower right or left corner of the windshield or right-hand corner of the rear window, depending on its size.[5]
Obviously, the registration tag on the rear license plate is there so that a police officer may verify that the vehicle involved is lawfully on the roadways. Appellant's car had a temporary registration tag for the month of January in the window.[6] This, too, would be there for the police officer to verify that the vehicle is lawfully on the roadway. It would appear that appellant did all that was statutorily required of him.
Here, however, Officer Begley decided because of his personal experiences that he would stop the vehicle to verify the temporary registration was valid. Ordinarily, if he has time, he would call his department for a registration check. There was no evidence presented as to whether he did or did not check and if he did not, why he did not.
Thus, may an officer's personal experiences be taken into account in determining whether reasonable suspicion exists? *856 Generally, of course, special training and experience of a police officer may be taken into account in determining whether there is a reasonable suspicion a crime has taken place.[7]
Because of Officer Begley's experience, he decided to confirm that the temporary sticker was valid. He did not have any particularized belief that appellant's car was not validly registered; he only assumed based upon his experience that approximately 50 percent of the time the temporary registrations are not valid for the car on which they are placed. There was no evidence presented to suggest that appellant's temporary registration sticker was invalid. Officer Begley made no effort to ascertain if in fact the temporary sticker was invalid by checking with his dispatcher before intruding on appellant's Fourth Amendment right to be left alone absent particularized suspicion that he was committing a crime.
Given the circumstances of this case, and based on a record that appellant did everything required of him to operate his vehicle lawfully on the highway, Officer Begley's stop without checking with his dispatcher to confirm that appellant's registration was invalid constituted an unlawful detention.[8] Otherwise, every motorist on the road who has attempted to comply with the Vehicle Code regarding registration matters would be subject to a stop without more. As a result, the motion to suppress should have been granted. The trial court's denial is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.
We concur: KOPP and MITTLESTEADT, JJ.
NOTES
[1] People v. Williams (1988) 45 Cal.3d 1268, 1301, 248 Cal.Rptr. 834, 756 P.2d 221. See also People v. Mays (1998) 67 Cal.App.4th 969, 972, 79 Cal.Rptr.2d 519.
[2] People v. Bell (1996) 43 Cal.App.4th 754, 761, 51 Cal.Rptr.2d 115.
[3] See Vehicle Code sections 4000, subdivision (a) and 5204. See also People v. Galceran (1960) 178 Cal.App.2d 312, 315, 2 Cal.Rptr. 901.
[4] See Vehicle Code section 4606.
[5] See Vehicle Code section 26708, subdivision (b)(3).
[6] The record does not indicate what type of document was in the window indicating temporary registration for January.
[7] See, e.g., Terry v. Ohio (1968) 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889; United States v. Prandy-Binett (D.C.Cir.1993) 995 F.2d 1069, 1071, 1073.
[8] In this case Officer Begley should have gathered more information before his intrusion into appellant's freedom. (See generally Filer v. Smith (1893) 96 Mich. 347 [55 N.W. 999, 1002] ["An officer is not warranted in relying upon circumstances deemed by him suspicious, when the means are at hand of either verifying or dissipating those suspicions without risk, and he neglects to avail himself of those means"]; see also U.S. v. Allen (D.C.Cir.1980) 629 F.2d 51, 57, fn. 6 ["The gravity of an arrest is such that there may be circumstances imposing a duty to inquire before an arrest is made, even in the face of an apparent crime in progress and no opportunity to obtain a warrant" (dictum)]; id., at p. 58 (dis. opn. of Bazelon, J.); Bigford v. Taylor (5th Cir.1988) 834 F.2d 1213.) By this decision, this court does not intimate that in every case police officers must investigate further given the opportunity to do so before a lawful detention or arrest may be made. Only in the context of this case's facts should that have happened.