Opinion
HOLM, P. J.
Appellant appeals the denial of his motion to suppress, contending that the trial judge erred in concluding that his detention was lawful.
On January 6, 2003, appellant was detained after being stopped by Officer Begley of the Daly City Police Department for a violation of Vehicle Code section 4000, subdivision (a) (driving with expired registration). Officer Begley noticed that appellant’s car was traveling with an expired registration tag on his license plate.
*Supp. 3 Officer Begley also saw, however, a “number in the window which is temporary registration.”[1] The car did have a “temporary registration for the month of January in the rear window of the vehicle.”[2] He said it “could come from anywhere and [in his mind] doesn’t necessarily . . . mean that it had valid registration.”[3] He testified that in his “training and experience numerous individuals have been known to place the temporary registration stickers on the wrong vehicle.”[4] In his limited experience (one and a half years as a police officer) he has stopped approximately 30 to 40 vehicles displaying apparent temporary registrations stickers, with about half of them turning out to be valid.
Other than the registration issue appellant did not do anything to justify any stop. As a result of the stop, stolen property was found in appellant’s possession. In the trial court he moved to suppress the discovery of this evidence, based upon the claimed illegal detention. Respondent argued that the stop was valid because all that is needed is “reasonable suspicion” that a crime occurred. The trial court agreed and denied the motion to suppress. From that ruling, appellant appeals.
There is no dispute about the evidence; therefore, the issue is solely one of law.[5] “A traffic stop is justified at its inception if based on at least reasonable suspicion that the driver has violated the Vehicle Code or some other law.”[6] Do the facts present a reasonable suspicion that appellant violated the Vehicle Code?
If the sole issue were the expired registration tag on the rear license plate, then the answer would be surely yes.[7] As long as the registered owner of a vehicle has timely applied for renewal of his car registration, however, the driver’s car may be operated on the highway until new indicia of current registration has been received from the Department of Motor Vehicles.[8] Proof of this temporary registration may be displayed in the lower right or left comer of the windshield or right-hand comer of the rear window, depending on its size.[9]
*Supp. 4 Obviously, the registration tag on the rear license plate is there so that a police officer may verify that the vehicle involved is lawfully on the roadways. Appellant’s car had a temporary registration tag for the month of January in the window.[10] This, too, would be there for the police officer to verify that the vehicle is lawfully on the roadway. It would appear that appellant did all that was statutorily required of him.
Here, however, Officer Begley decided because of his personal experiences that he would stop the vehicle to verify the temporary registration was valid. Ordinarily, if he has time, he would call his department for a registration check. There was no evidence presented as to whether he did or did not check and if he did not, why he did not.
Thus, may an officer’s personal experiences be taken into account in determining whether reasonable suspicion exists? Generally, of course, special training and experience of a police officer may be taken into account in determining whether there is a reasonable suspicion a crime has taken place.[11]
Because of Officer Begley’s experience, he decided to confirm that the temporary sticker was valid. He did not have any particularized belief that appellant’s car was not validly registered; he only assumed based upon his experience that approximately 50 percent of the time the temporary registrations are not valid for the car on which they are placed. There was no evidence presented to suggest that appellant’s temporary registration sticker was invalid. Officer Begley made no effort to ascertain if in fact the temporary sticker was invalid by checking with his dispatcher before intruding on appellant’s Fourth Amendment right to be left alone absent particularized suspicion that he was committing a crime.
Given the circumstances of this case, and based on a record that appellant did everything required of him to operate his vehicle lawfully on the highway, Officer Begley’s stop without checking with his dispatcher to confirm that appellant’s registration was invalid constituted an unlawful detention.[12] Otherwise, every motorist on the road who has attempted to *Supp. 5 comply with the Vehicle Code regarding registration matters would be subject to a stop without more. As a result, the motion to suppress should have been granted. The trial court’s denial is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.
Kopp, J., and Mittlesteadt, J., concurred.
*Supp. 7 Subject Matter Table This table contains, alphabetically by subject matter, cases reported in this volume. Page APPELLATE REVIEW Dismissal; grounds; frivolous and sham appeals. People ex rel. Lockyer v. Brar (4th Dist., Div. 3) (Sills, P. J., with Rylaarsdam and Ikola, JJ., concurring.)..... 1315 ARBITRATION AND AWARD Arbitration agreements; construction and effect; particular agreements; Federal Arbitration Act; class arbitration; arbitrators to decide. Garcia v. DIRECTV, Inc. (2d Dist., Div. 1) (Vogel (Miriam A.), with Spencer, P. J., concurring. Concurring opinion by Ortega, J.)......................................... 297 Arbitration agreements; unconscionability; terms not severable; effect. Abramson v. Juniper Networks, Inc. (6th Dist.) (McAdams, J., with Premo, Acting P. J., and Elia, J., concurring.)..................................... 638 ATTACHMENT AND GARNISHMENT Claims and actions enforceable; monthly rent due; rental period and amount in lease schedules; clear and definite formula for computation of damages. CIT Group/Equipment Financing, Inc. v. Super DVD, Inc. (1st Dist., Div. 4) (Kay, P. J., with Reardon and Rivera, JJ., concurring.)................. 537 ATTORNEYS AT LAW Attorney-client relationship; imputation of knowledge or notice; attorney's health. Hernandez v. Superior Court (2d Dist., Div. 6) (Yegan, Acting P. J., with Coffee and Perren, JJ., concurring.)............................ 1242 AUTOMOBILES AND HIGHWAY TRAFFIC Operators’ licenses; misdemeanor vehicular manslaughter; suspension for more than 12 months as condition of probation. In re Colleen S. (1st Dist., Div. 3) (Poliak, J., with Corrigan, Acting P. J., and Parrilli, J., concurring.).......... 471 BAIL AND RECOGNIZANCE Relief from order of forfeiture; extension of period; good cause. People v. Alistar Ins. Co. (4th Dist., Div. 2) (Gaut, J., with Richli, Acting P. J., and King J., concurring.).......................................... 122 CIVIL RIGHTS Employment; gender; sexual harassment; Fair Employment and Housing Act; coworker harassment; prompt, reasonable and efficacious remedial action taken by employer; investigation. Mathieu v. Norrell Corp. (2d Dist., Div. 7) (Perluss, P. J., with Woods and Zelon, JJ., concurring.)......................... 1174 COMPROMISE, SETTLEMENT, AND RELEASE Settlements; requisites and validity; good faith; commercial appropriation of likeness; relevance to damages; reasonable probability of different result. O’Hearn v. Hillcrest Gym & Fitness Center, Inc. (2d Dist., Div. 3) (Klein, P. J., with Croskey and Aldrich, JJ., concurring.)................................ 491
Page
APPELLATE REVIEW
ARBITRATION AND AWARD
ATTORNEYS AT LAW
BAIL AND RECOGNIZANCE
CIVIL RIGHTS
491
*Supp. 8 Page CONSTITUTIONAL LAW First Amendment and other fundamental rights; scope and nature; freedom of speech and expression; noncommercial speech; educational documents on Web site; scientific and medical issues of public interest. Bernardo v. Planned Parenthood Federation of America (Nares, Acting P. J., with McIntyre and O’Rourke, JJ., concurring.)................................. 322 First Amendment; scope and nature; freedom of speech and expression; city ordinances. Vo v. City of Garden Grove (4th Dist., Div. 3) (Ikola, J., with Bedsworth, J., concurring. Concurring and dissenting opinion by Sills, P. J.)...... 425 COURTS Jurisdiction; acquisition, scope, and extent; subject matter; dismissal with prejudice. Hagan Engineering, Inc. v. Mills (3d Dist.) (Morrison J., with Davis, Acting P. J., and Callahan, J., concurring.)................................ 1004 COVENANTS, CONDITIONS, AND RESTRICTIONS Restrictions; actions; validity of association’s regulatory code. Rancho Santa Fe Assn. v. Dolan-King (4th Dist., Div. 1) (Huffman, Acting P. J., with Nares and O’Rourke, JJ., concurring.)................................. 28 CRIMINAL LAW Appellate review; scope of review; discretion of trial court; statutory speedy trial requirement. People v. Shane (4th Dist., Div. 3) (Rylaarsdam, J., with Sills, P. J., and Fybel, J., concurring.)........................... Evidence; admissibility; prejudicial matter; third party culpability. People v. Adams (6th Dist.) (Premo, J., with Rushing, P. J., and Elia, J., concurring.)......... Evidence; reciprocal discovery obligations; probation revocation hearings. Jones v. Superior Court (4th Dist., Div. 1) (Nares, Acting P. J., with McDonald and McIntyre, JJ., concurring.).................................. Judgment, sentence, and punishment; probation; reports; right of access; procedural requirements. People v. Connor (6th Dist.) (Wunderlich, J., with Bamattre-Manoukian, Acting P. J., and Mihara, J., concurring.)............. Mentally disordered offenders; hearing; consideration of disposition or treatment; jury instructions; extension of commitment. People v. Putnam (1st Dist., Div. 2) (Ruvolo, J., with Kline, P. J., and Haerle, J., concurring.)................ Plea; guilty; rights of accused; requirement of advisement of constitutional rights; harmless error. People v. Little (6th Dist.) (Wunderlich, J., with Elia, Acting P. J., and Mihara, J., concurring.)...................... Preliminary proceedings; preliminary examination; postponement and continuance; dismissal not authorized; good cause for continuance; new preliminary hearing rescheduled. People v. Henderson (4th Dist., Div. 2) (Gaut, J., with McKinster, Acting P. J., and Ward, J., concurring.).................... Trial; instructions; impermissible mandatory presumption; second degree murder; implied malice; violation of basic speed law. People v. Vanegas (2d Dist., Div. 7) (Johnson, J., with Zelon, J., concurring. Dissenting opinion by Perluss, P. J.). . . . Trial; instructions; reasonable doubt; lowering prosecution’s burden of proof. People v. Johnson (2d Dist., Div. 1) (Ortega, J., with Spencer, P. J., and Mallano, J., concurring.)........................................... DELINQUENT, DEPENDENT AND NEGLECTED CHILDREN Constitutional rights of parties; due process; dependency proceedings. In re Daniel S. (4th Dist., Div. 1) (Huffman, J., with Benke, Acting P. J., and Aaron, J., concurring.).......................................... 903 Delinquent children; dispositions; hearing; continuances. A.A. v. Superior Court (4th Dist., Div. 1) (Benke, Acting P. J., with McIntyre and Aaron, JJ., concurring.) . . 1 196 243 48 669 575 766 922 592 1169
*Supp. 9 Page DELINQUENT, DEPENDENT AND NEGLECTED CHILDREN—(Continued) Delinquent children; dispositions; judgments and orders; probation; conditions; prehearing detention. In re Charles G. (3d Dist.) (Scotland, P. J., with Raye and Morrison, JJ., concurring.).................................. 608 Dependent children; disposition hearing and disposition; judgments and orders; Indian child; placement in non-Indian home. In re Liliana S. (4th Dist., Div. 1) (O’Rourke, J., with McConnell, P. J., and Nares, J., concurring.)........... 585 Jurisdiction of juvenile court; authority to direct probation officer to determine amount of restitution order. In re Karen A. (2d Dist., Div. 3) (Croskey, J., with Klein, P. J., and Aldrich, J., concurring.).......................... 504 DISCOVERY Protections against improper discovery; privileges; common interest doctrine; content and necessity for disclosure. OXY Resources California v. Superior Court (1st Dist., Div. 3) (Parrilli, J., with McGuiness, P. J., and Poliak, J., concurring.).......................................... 874 DISCOVERY AND DEPOSITIONS Enforcement of right to discovery; sanctions of trial court; issue sanction; interference with truth-seeking function of trial court; refusal to cooperate in discovery. In re Marriage of Chakko (2d Dist., Div. 6) (Yegan, J., with Gilbert, P. J., and Perren, J., concurring.).................................. 104 . Protections against improper discovery; privileges; attorney-client privilege.; disclosure to government constituted waiver; disclosure not necessary. McKesson HBOC, Inc. v. Superior Court (1st Dist., Div. 4) (Kay, P. J., with Reardon and Sepulveda, JJ., concurring.)................................. 1229 DISTRICT ATTORNEYS OFFICE Compensation; temporary disability leave; discrimination; cash-outs of unused excess vacation time. Los Angeles County Prof. Peace Officers’ Assn. v. County of Los Angeles (2d Dist., Div. 8) (Rubin, J., with Cooper, P. J., and Boland, J., concurring.)................................... 866 DRUGS AND NARCOTICS Offenses; possession; place where inmates are in custody; state hospital; mentally III inmates; in custody of peace officers employed by hospital. People v. Superior Court (Ortiz) (2d Dist., Div. 6) (Perren, J., with Gilbert, P. J., and Coffee, J., concurring.).......................................... 995 Offenses; sentence and punishment; Proposition 36; ineligibility; opening or maintaining place for use or sale of methamphetamine. People v. Ferrando (3d Dist.) (Sims, Acting P. J., with Davis and Hull, JJ., concurring.)............ 917 Treatment of addicts; persons convicted of crime; ineligibility due to prior criminality or conviction; Proposition 36; grand theft. People v. Wandick (3d Dist.) (Hull, J., with Sims, Acting P. J., and Davis, J., concurring.)................... 131 EVIDENCE Opinion evidence; expert witnesses; reasonable basis for opinion; exclusion of testimony. Lockheed Litig. Cases (2d Dist., Div. 3) (Kitching, J., with Croskey, Acting P. J., and Boren, J., concurring.).................... 558
*Supp. 10 Page EVIDENCE—(Continued) Opinion evidence; expert witnesses; retaliatory evidence. Kotla v. Regents of University of California (1st Dist., Div. 1) (Margulies, J., with Stein, Acting P. J., and Swager, J., concurring.)................................ 283 Scientific evidence; dog scent; foundation; scientific proof of reliability; improper admission; harmless error. People v. Willis (2d Dist., Div. 2) (Boren, P. J., with Doi Todd and Ashmann-Gerst, JJ., concurring.)........................ 379 FRANCHISE, DISTRIBUTION, AND DEALERSHIP CONTRACTS Termination of agreement; wrongful termination; liability for breach of contract. JRS Products, Inc. v. Matsushita Electric Corp. of America (3d Dist.) (Raye, J., with Davis, Acting P. J., and Nicholson, J., concurring.).................... 168 GUARDIANSHIP AND CONSERVATORSHIP Conservatorship; termination; repeal of statute; conservatorship not invalidated.; Union Bank of California v. Superior Court (2d Dist., Div. 3) (Klein, P. J., with Croskey and Aldrich, JJ., concurring.)........................... 484 INITIATIVE AND REFERENDUM State elections; referendum petition; title and summary of purpose; major objectives. Zaremberg v. Superior Court (1st Dist., Div. 1) (Swager, J., with Marchiano, P. J., and Margulies, J., concurring.)..................... 111 INJUNCTIONS Parties; domestic violence protective order; renewal; fear of future abuse. Ritchie v. Konrad (2d Dist., Div. 7) (Johnson, J., with Perluss, P. J., and Woods, J., concurring.).......................................... 1275 INSURANCE COMPANIES Insolvency, rehabilitation, and liquidation; California Insurance Guarantee Association. Roth v. L.A. Door Co. (4th Dist., Div. 3) (Moore, J., with Sills, P. J., and Rylaarsdam, J., concurring.).............................. 1249 INSURANCE CONTRACTS AND COVERAGE Notice and proof of loss or death; examination of insured. California Fair Plan Assn. v. Superior Court (2d Dist., Div. 4) (Hastings, J., with Epstein, Acting P. J., and Curry, J., concurring.).................................. 158 JUDGMENTS Enforcement; foreign judgments; conclusive judgment; recognition in California. Korea Water Resources Corp. v. Lee (4th Dist., Div. 1) (Haller, J., with McConnell, P. J., and McDonald J., concurring.)..................... 389 JURY Challenges; peremptory; group bias; improper exclusion; reason; acceptance of explanation without evaluation; prejudicial error per se. People v. Allen (1st Dist., Div. 3) (Poliak, J., with McGuiness, P. J., and Parrilli, J., concurring.)........ 542 LANDLORD AND TENANT Rent control laws; validity; capital improvements; fair return; due process. Morgan v. City of Chino (4th Dist., Div. 2) (McKinster, J., with Ramirez, P. J., and Hollenhorst, J., concurring.)................................. 1192
*Supp. 11 Page LIMITATION OF ACTIONS Commencement of proceedings; computation of time; bankruptcy; automatic stay; tolling. Kertesz v. Ostrovsky (4th Dist., Div. 3) (Sills, P. J., with Rylaarsdam and I kola, JJ., concurring.).................................... 369 Period of limitation; torts; professional negligence; insurance broker; failure to obtain requested insurance; two-year period; breach of fiduciary duty. Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc. (2d Dist., Div. 1) (Mallano, J., with Ortega, Acting P. J., and Vogel (Miriam A.), J., concurring.). . . . 1145 Validity, construction, and application of statutes; construction; retroactive effect. Krupnick v. Duke Energy Morro Bay (2d Dist., Div. 6) (Vegan, Acting P. J., with Coffee and Perren, JJ., concurring.)............................ 1026 MANDAMUS AND PROHIBITION Mandamus; conditions affecting issuance; Fair Employment and Housing Commission; timeliness of petition. Fair Employment & Housing Commission v. Superior Court (2d Dist., Div. 2) (Nott, Acting P. J., with Doi Todd, and Ashmann-Gerst, JJ., concurring.)............................. 629 MUNICIPALITIES Council or other governing body; meetings; Ralph M. Brown Act; public comment; agenda; multiple sessions; continuance. Chaffee v. San Francisco Library Commission (1st Dist., Div. 2) (Ruvolo, J., with Haerle, Acting P. J., and Lambden, J., concurring.)........................................... 461 Public utilities; rates; refund; statute of limitations; triggering of limitations period. Regents of University of California v. City and County of San Francisco (1st Dist., Div. 1) (Marchiano, P. J., with Stein, and Swager, JJ., concurring.)...... 1109 NEGLIGENCE Exercise of care by particular persons; assumption of risk; sports or sports-related recreational activity. Childs v. County of Santa Barbara (2d Dist., Div. 6) (Perren, J., with Gilbert, P. J., and Coffee, J., concurring.)............... 64 Exercise of care toward particular persons; duty owed to class; opportunity to file amended complaint; facts sufficient to state claim. Ochs v. PacifiCare of California (2d Dist., Div. 6) (Coffee, J„ with Gilbert, P. J., and Vegan, J., concurring.).......................................... 782 PARTIES Class actions; class certification; community of Interest; common questions; aggregate classwide damages; compensation for unpaid overtime; statistical inference; due process. Bell v. Farmers Ins. Exchange (Swager, J., with Marchiano, P. J., and Stein, J., concurring.)....................... 715 PARTNERSHIP Change of personnel; effect of wrongful disassociation; damages; no provision for forfeiture of capital account. O’Flaherty v. Belgum (2d Dist., Div. 5) (Mosk, J., with Armstrong, J., concurring. Dissenting opinion by Grignon, Acting P. J.)....... 1044 PAYMENT Application of payments; by debtor. American Contractors Indemnity Co. v. Saladino (2d Dist., Div. 7) (Johnson, J., with Perluss, P. J., and Woods, J., concurring.).......................................... 1262
*Supp. 12 Page PLEADING Motions and objections; motion to strike pleading as a whole; anti-SLAPP statute; malicious prosecution; lack of probable cause; malice. Slaney v. Ranger Ins. Co. (2d Dist., Div. 4) (Hastings, J., with Epstein, Acting P. J., and Curry, J., concurring.). 306 Motions and objections; motion to strike pleading as a whole; SLAPP suit; cause of action arising out of free speech or petition rights. Scott v. Metabolite Internal., Inc. (3d Dist.) (Robie, J., with Sims, Acting P. J., and Davis, J., concurring.).... 404 Motions and objections; motion to strike pleading as a whole; SLAPP suits; voter pamphlets; award of fees and costs. Moraga-Orinda Fire Protection Dist. v. Weir (1st Dist., Div. 3) (Parrilli J., with McGuiness, P. J., and Corrigan, J., concurring.). 477 POLLUTION AND CONSERVATION LAWS Pollution; water pollution; Safe Drinking Water and Toxic Enforcement Act of 1986; lead and copper rule; detection; public water systems; tier 1 test. Mateel Environmental Justice Foundation v. Edmund A. Gray Co. (Gemello, J., with Stevens, Acting P. J., and Simons, J., concurring.)................... 8 PUBLIC AID AND WELFARE Medi-Cal; reimbursement of provider’s costs; depreciation on buildings and equipment; documentation of historical costs; changes over time. Redding Medical Center v. Bonta (3d Dist.) (Davis, J., with Blease, Acting P. J., and Hull, J., concurring.).......................................... 1031 PUBLIC IMPROVEMENTS Remedies of property holder; limitation of action; inclusion of defensive use of limitations period. City of Saratoga v. Hinz (6th Dist.) (Rushing, P. J., with Premo, and Wunderlich, JJ., concurring.)............................. 1202 ROBBERY Elements of offense; immediate presence; victim’s use of force to retain property. Miller v. Superior Court (4th Dist., Div. 1) (McIntyre, J., with McConnell, P. J„ concurring. Dissenting opinion by McDonald, J.)....................... 216 SEARCHES AND SEIZURES Constitutional and statutory provisions; existence of reasonable expectation of privacy; prisoners; visual body cavity search. People v. Collins (2d Dist., Div. 4) (Vogel (C .S.), P. J., with Hastings and Curry, JJ., concurring.)............ 137 Search warrants; existence of probable cause; dog alerts. People v. Bautista (6th Dist.) (Premo, J., with Rushing, P. J., and Bamattre-Manoukian, J., concurring.). . 229 TRESPASS Defenses; good faith improver; protection of owner against pecuniary loss; litigation expenses incurred. Tremper v. Quinones (2d Dist., Div. 6) (Perren, J., with Yegan, Acting P. J., and Coffee, J., concurring.).................. 944 WILLS Property passed; vested and contingent; wife surviving husband but not distribution of husband’s estate. Estate of Stoddart (4th Dist., Div. 1) (Aaron, J., with McConnell, P. J., and Nares J., concurring.)....................... 1118
*Supp. 13 Page WORKERS’ COMPENSATION Judicial review; reasonable basis for petition for writ of review; attorney fees award. Crown Appliance v. Workers’ Comp. Appeals Bd. (5th Dist.) (Wiseman, J., with Buckley, Acting P. J., and Levy, J., concurring.)....................... APPELLATE DIVISION CASES REPORTED IN THIS VOLUME 115 Cal.App.4th Supp. LAW ENFORCEMENT OFFICERS Police; rights and duties; confirmation of invalid registration prior to stop. People v. Nabong (Appellate Division, Superior Court, San Mateo Dist.) (Holm, P. J., with Kopp and Mittlesteadt, JJ., concurring.).......................... 620 Supp. 1

 Motion to Suppress Hearing Transcript (hereinafter Transcript), page 5, lines 18-19.

 Transcript, page 5, lines 25-26; id., page 6, line 1.

 Transcript, page 5, lines 19-21.

 Transcript, page 6, lines 4-7.

 People v. Williams (1988) 45 Cal.3d 1268, 1301 [248 Cal.Rptr. 834, 756 P.2d 221], See also People v. Mays (1998) 67 Cal.App.4th 969, 972 [79 Cal.Rptr.2d 519].

 People v. Bell (1996) 43 Cal.App.4th 754, 761 [51 Cal.Rptr.2d 115].

 See Vehicle Code sections 4000, subdivision (a) and 5204. See also People v. Galceran (1960) 178 Cal.App.2d 312, 315 [2 Cal.Rptr. 901].

 See Vehicle Code section 4606.

 See Vehicle Code section 26708, subdivision (b)(3).

 The record does not indicate what type of document was in the window indicating temporary registration for January.

 See, e.g., Terry v. Ohio (1968) 392 U.S. 1, 27 [20 L.Ed.2d 889, 88 S.Ct. 1868]; United States v. Prandy-Binett (D.C. Cir. 1993) 302 U.S. App. D.C. 1 [995 F.2d 1069, 1071, 1073],

 In this case Officer Begley should have gathered more information before his intrusion into appellant’s freedom. (See generally Filer v. Smith (1893) 96 Mich. 347 [55 N.W. 999, 1002] [“An officer is not warranted in relying upon circumstances deemed by him suspicious, when the means are at hand of either verifying or dissipating those suspicions without risk, and he neglects to avail himself of those means”]; see also U.S. v. Allen (D.C. Cir. 1980) 203 U.S. App. D.C. 17 [629 F.2d 51, 57], fn. 6 [“The gravity of an arrest is such that there may be *Supp. 5 circumstances imposing a duty to inquire before an arrest is made, even in the face of an apparent crime in progress and no opportunity to obtain a warrant” (dictum)]; id., at p. 58 (dis. opn. of Bazelon, J.); Bigford v. Taylor (5th Cir. 1988) 834 F.2d 1213.) By this decision, this court does not intimate that in every case police officers must investigate further given the opportunity to do so before a lawful detention or arrest may be made. Only in the context of this case’s facts should that have happened.