53 Cal.Rptr.3d 66 (2006)
146 Cal.App.4th 773
The PEOPLE, Plaintiff and Respondent,
v.
George Lee HERNANDEZ, Defendant, and Appellant.
Nos. C051224, C051602.
Court of Appeal of California, Third District.
December 18, 2006.
Bill Lockyer, Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Stan A. Cross, Acting Senior Assistant Attorney General, Julie A. Hokans, Supervising Deputy Attorney General, Peter W. Thompson, Deputy Attorney General, Sacramento, CA, for Plaintiff and Respondent.
Robert Derham, under appointment by the Court of Appeal, San Rafael, CA, for Defendant and Appellant.
ROBIE, J.
A jury found defendant George Lee Hernandez guilty of felony and misdemeanor resisting arrest, being under the influence of methamphetamine, and driving while under the influence of alcohol or *67 drugs. Defendant appeals, contending the trial court erred in denying his motion to suppress because the police had no reasonable grounds to stop his vehicle for having no license plates when the temporary operating permit was lawfully placed, valid on its face, and seen by the police officer. Defendant also contends his convictions for resisting arrest must be reversed because the arresting officer was not acting lawfully
We agree with defendant that the traffic stop in this case was unlawful. Accordingly, we will reverse the judgment.

FACTUAL AND PROCEDURAL BACKGROUND
Sacramento Sheriffs Deputy Anthony Paonessa testified at the hearing on the motion to suppress. Deputy Paonessa testified he was on patrol on January 25, 2005, at approximately 4:40 p.m. when he first saw a brown pick-up truck. Deputy Paonessa noticed the truck did not have any license plates so he pulled the truck over. During cross-examination, Deputy Paonessa said that before he pulled the truck over, he observed a temporary operating permit in the rear window of the truck that appeared valid on its face. Deputy Paonessa testified that he understands temporary operating permits are provided pending issuance of license plates to show that all fees have been paid to the Department of Motor Vehicles. Deputy Paonessa pulled the truck over despite the temporary operating permit because "temporary operating permits are very often forged," but he did not have any indication that this truck's temporary operating permit was forged. There was also no indication that the truck was-stolen or that the temporary operating permit did not go with the truck.
After the truck was pulled over, Deputy Paonessa asked defendant, who was driving the truck, for his license and registration and if he was on probation or parole. Defendant said he was on probation. Deputy Paonessa then opened the truck door and asked defendant to get out of the car. Deputy Paonessa testified defendant refused to get out of the truck so he pepper sprayed him. Defendant then reached an arm toward the deputy, and Deputy Paonessa and his partner pulled defendant from the truck. Defendant then resisted the deputies' attempts to control him and pushed the two deputies and himself into the street. Deputy Paonessa continued to struggle with defendant but eventually was able to detain him.
The magistrate denied defendant's motion to suppress because it concluded an officer can stop and briefly investigate a motorist who is driving without license plates to see if the temporary operating permit is valid. At trial defendant was convicted of felony and misdemeanor resisting arrest, being under the influence of methamphetamine, and driving while under the influence of alcohol or drugs. The court sentenced him to the upper term of three years for felony resisting arrest, doubled to six years based on a prior strike, 90 days for being under the influence, and two days for driving under the influence. Defendant appeals.

DISCUSSION
Defendant contends the trial court erred in denying his motion to suppress because the deputy had no reasonable grounds for pulling his truck over when the deputy saw the properly displayed temporary operating permit.
The Fourth Amendment protects against unreasonable searches and seizures. (U.S. Const., 4th Amend.; Terry v. Ohio (1968) 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889, 905.) "A detention *68 is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity." (People v. Souza (1994) 9 Cal.4th 224, 231, 36 Cal.Rptr.2d 569, 885 P.2d 982.) Traffic stops are treated as investigatory detentions for which the officer must be able to point to specific and articulable facts justifying the suspicion that a crime is being committed. (Terry, at p. 21, 88 S.Ct. at p. 1880, 20 L.Ed.2d at p. 906.)
Here, defendant was driving a truck without license plates, but properly displayed a temporary operating permit. Deputy Paonessa testified that in his experience (14 months on patrol) temporary operating permits are "very often" forged. The People cite our California Supreme Court's decision in People v. Saunders (2006) 38 Cal.4th 1129, 45 Cal.Rptr.3d 66, 136 P.3d 859 for the proposition that there was reasonable suspicion to stop defendant because Deputy Paonessa could not verify that the temporary operating permit displayed in the rear window applied to defendant's car without pulling the vehicle over.
In deciding Saunders, the California Supreme Court specifically did not decide "whether an officer may stop a vehicle that has an expired registration tab but also displays a temporary operating permit." (People v. Saunders, supra, 38 Cal.4th at p. 1135, 45 Cal.Rptr.3d 66, 136 P.3d 859.) The court did not have to decide that issue because the officer also noted the car did not have a front license plate. (Id. at p. 1136, 45 Cal.Rptr.3d 66,136 P.3d 859.) In Saunders, the temporary operating permit explained the expired registration tab but not the missing front license plate, so the officer was justified in pulling the car over to investigate the missing plate. (Id. at p. 1137, 45 Cal.Rptr.3d 66, 136 P.3d 859.)
Here, the facts are more analogous to the case the Saunders court specifically did not decide because defendant did not have any license plates but had a temporary operating permit. Therefore, the Saunders decision is of little assistance here because this case presents a different question.
The first question presented here is whether an officer's personal experience can be taken into account in determining whether reasonable suspicion exists. In this case, the deputy saw the temporary' operating permit and it appeared valid on its face. Therefore, for the' stop to be reasonable, it had to be based on Deputy Paonessa's personal experience that temporary operating permits are "very often" forged.
A similar question was presented in People v. Nabong (2004) 115 Cal.App.4th Supp. 1, 9 Cal.Rptr.3d 854. In Nabong, a police officer saw Nabong driving a car with expired registration tags but also saw a temporary registration permit in the rear window. On its face, the temporary registration permit was valid, yet according to the police officer, about half of the approximately 30 to 40 vehicles he had stopped displaying apparently valid temporary registration permits turned out to be valid. (Id. at pp. 2-3, 9 Cal.Rptr.3d 854.) The court noted, "Generally, of course, special training and experience of a police officer may be taken into account in determining whether there is a reasonable suspicion a crime has taken place." (Id. at p. 4, 9 Cal.Rptr.3d 854, citing Terry v. Ohio, supra, 392 U.S. at p. 27, 88 S.Ct. at p. 1883, 20 L.Ed.2d at p. 909.) In Nabong, the court ruled the police officer's experience was not enough to justify the stop. The police officer did not have reasonable suspicion that this particular temporary *69 registration permit was invalid and according to his experience, about 50 percent of the time temporary registration permits are in fact valid. (Nabong, supra, at p. 4, 9 Cal.Rptr.3d 854.)
Here, the question is whether Deputy Paonessa's experience should lead to a different result. Deputy Paonessa testified that in his experience temporary operating permits are "very often" forged. We have no way of discerning the meaning of the statement, "very often," because Deputy Paonessa did not say how many times he had stopped a car with a temporary operating permit or how many times the permit was valid or invalid. Absent either additional facts justifying a reasonable suspicion of criminal activity, or specific experience Deputy Paonessa had to justify a suspicion that the particular operating permit displayed on defendant's truck was invalid, we cannot say the stop was reasonable. We are unwilling to conclude it is always reasonable to stop a car that does not have any license plates but has a temporary operating permit, because that would effectively mean it is always reasonable to suspect that a temporary operating permit is invalid. Accordingly, we conclude the traffic stop was invalid and thus the trial court erred in denying the motion to suppress.
Defendant next contends his convictions for resisting arrest must be reversed because Deputy Paonessa was not acting lawfully in the initial stop. Both parties agree that under California law a defendant cannot be convicted of resisting arrest if the officer was not acting lawfully at the time of the arrest. (People v. Simons (1996) 42 Cal.App.4th 1100, 1109, 50 Cal. Rptr.2d 351.) Since we have already concluded the traffic stop was not justified and therefore unlawful, we agree the convictions for resisting arrest cannot stand.

DISPOSITION
The judgment is reversed, and the case is remanded to the trial court with directions to vacate the order denying the motion to suppress and enter a new order granting that motion.
We concur: SCOTLAND, P.J., and NICHOLSON, J.