STATE of Wisconsin, Plaintiff-Respondent,

v.

Raymond LORD, Jr.,
Defendant-Appellant-Petitioner.

Supreme Court

*No. 2005AP1485–CR. Decided November 9, 2006.*

2006 WI 122

(Also reported in 723 N.W.2d 425.)

For the defendant-appellant-petitioner there was a brief by *George M. Tauscheck*, Milwaukee.

¶ 1. PER CURIAM. The State of Wisconsin, the successful party at the circuit court and court of appeals, moves this court to summarily reverse the decision of the court of appeals.[1] On the basis of the State's motion and accompanying memoranda filed in this court (to which the defendant did not file a response) and on the basis of the defendant's brief filed in this court (to which the State did not file a response brief),

[1] The motion of the State of Wisconsin (which was represented in this court by the Wisconsin Department of Justice) was joined by the Milwaukee County District Attorney's Office (which represented the State in the circuit court and court of appeals).

we grant the State's motion and summarily reverse the decision of the court of appeals. We remand to the court of appeals for reconsideration in light of our decision and the request of the parties that further proceedings be conducted in the circuit court.

¶ 2. The court granted the defendant's petition for review to address whether law enforcement officers may stop an automobile on the sole ground that the automobile has a temporary license plate. In other words, the question before us is whether a temporary plate on an automobile, without more, creates reasonable suspicion under *Terry v. Ohio,* 392 U.S. 1 (1968), and *Delaware v. Prouse,* 440 U.S. 648 (1979), to justify law enforcement's stop of that vehicle.

¶ 3. The court of appeals in an unpublished decision answered this question in the affirmative, adopting a position that the State asserted in both the circuit court and court of appeals.[2]

¶ 4. The State's motion for summary reversal concedes, as the defendant has argued all along and in its brief before this court,[3] that the decision of the court of appeals conflicts with the holding and rationale of *Delaware v. Prouse,* 440 U.S. 648 (1979): Law enforcement officers cannot stop an automobile to determine whether it is properly registered unless the officers have reasonable suspicion or probable cause to believe that either the automobile is being driven contrary to the laws governing its operation or that any occupant is subject to seizure in connection with the violation of an applicable law.

---

[2] *State v. Lord,* No. 2005AP1485–CR, unpublished slip op. (Wis. Ct. App. Jan. 31, 2006).

[3] Brief and Appendix of Defendant-Appellant-Petitioner at 12–14.

594

¶ 5. The State's concession that the legal principle adopted by the court of appeals is an incorrect statement of law effectively eliminates the issue upon which the petition for review was granted.

¶ 6. We need not, however, accept a party's concession of law.[4] This court, not the parties, decides questions of law.

¶ 7. In the present case, we readily accept the State's concession without further briefing or argument because the State's concession on the issue of law is well-settled law requiring no extensive research or explanation. *Prouse* is clear that "except in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment."[5] Contrary to *Prouse*, the court of appeals decision enables law enforcement officers to

---

[4] *Bergmann v. McCaughtry*, 211 Wis. 2d 1, 7, 564 N.W.2d 712 (1997).

[5] *Delaware v. Prouse*, 440 U.S. 648, 663 (1979).

For courts reaching the same conclusion as the State, see, *e.g., United States v. Wilson*, 205 F.3d 720, 724 (4th Cir. 2000) ("'The Fourth Amendment does not allow a policeman to stop a car just because it has temporary tags."); *State v. Childs*, 495 N.W.2d 475, 482 (Neb. 1993) ("We cannot accept that every motorist who operates a vehicle displaying In Transit decals waives the protection against an unconstitutional stop and invalid search and seizure as a consequence of the stop."); *State v. Butler*, 539 S.E.2d 414, 416 (S.C. 2000) ("[T]he mere presence of a temporary tag on the back of a car, without more, is

stop any vehicle to verify the registration solely because the vehicle is displaying temporary license plates as set forth in the statutes[6] and administrative rules[7] of the state.[8]

■

¶ 8. Accordingly, we summarily reverse the decision of the court of appeals. The result of the reversal is that a law enforcement officer cannot infer wrongful conduct based solely on the display of a temporary license plate. We remand to the court of appeals for reconsideration in light of our decision and the request of the parties that further proceedings be conducted in the circuit court.

*By the Court.*—Motion granted and cause remanded to the court of appeals.

---

insufficient to provide a reasonable suspicion that the driver is violating registration or insurance laws or that the driver is otherwise involved in criminal activity."); *People v. Nabong,* 9 Cal. Reptr. 3d 854, 855 (Cal. App. Div. Super. Ct. 2004) (stop invalid because no particularized belief that car not validly registered when car had a temporary registration sticker, even though in the officer's experience over half of the stickers are invalid); *Bius v. State,* 563 S.E.2d 527, 529 (Ga. Ct. App. 2002) ("We find that stopping a car with a drive-out tag solely to ascertain whether the driver was complying with our vehicle registration laws is also not authorized.").

[6] Wis. Stat. § 341.15 (2003–04).

[7] Wis. Admin. Code § Trans. 132.04 (1998).

[8] The State's concession adheres to *Richards v. Wisconsin,* 520 U.S. 385 (1997), which overturned *State v. Richards,* 201 Wis. 2d 845, 549 N.W.2d 218 (1996). The United States Supreme Court admonished this court against a per se blanket rule inferring that exigent circumstances are always present in the execution of search warrants involving felonious drug delivery, even when the testimony was that the officers' experience shows that many drug sellers have weapons.

¶ 9. DAVID T. PROSSER, J. (*concurring*). The State moved this court to summarily reverse the decision of the court of appeals. The majority asserts that it is granting the State's motion. Nonetheless, the court's per curiam opinion entails a substantive discussion of law that extends the principles in *Delaware v. Prouse,* 440 U.S. 648 (1979), to temporary license plates.

¶ 10. The court makes this substantive decision without oral argument and without the articulation of an opposing view. The decision may be correct, but it puts law enforcement officers in a more difficult position when they deal with vehicles with temporary plates than vehicles with permanent plates because officers are seldom able to run computerized checks on temporary license plates. This distinction is important because temporary plates frequently turn out to be invalid.

¶ 11. Upon receipt of the State's motion, I voted to grant it, assuming that this court would be sending the case back for an evidentiary hearing without an opinion. My concurrence here represents a vote for that action.