STATE of Wisconsin, Plaintiff-Appellant,

v.

Frank C. NEWER, Defendant-Respondent.†

Court of Appeals

*No. 2006AP2388–CR. Submitted on briefs September 25, 2007.
—Decided October 10, 2007.*

**2007 WI App 236**

(Also reported in 742 N.W.2d 923.)

† Petition to review denied 12/19/07.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *J.B. Van Hollen,* attorney general, and *Stephen W. Kleinmaier,* assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Frank R. Lettenberger* of *Law Offices of Lettenberger & Glasbrenner, S.C.* of Delavan.

Before Brown, C.J., Anderson, P.J., and Nettesheim, J.

¶ 1. BROWN, C.J. This is the State's appeal of a circuit court order suppressing evidence gathered during a traffic stop.[1] Frank Newer argued, and the circuit court agreed, that the police officer who made the stop lacked reasonable suspicion to do so when he knew that the stopped vehicle's owner had a revoked license but had no information about who was actually driving the vehicle. We certified this case to our supreme court and

---

[1] *See* WIS. STAT. § 974.05(1)(d)2. (2005–06). All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

requested that they resolve whether the officer's knowledge of the vehicle's owner's revocation alone could support reasonable suspicion or, alternatively, whether the stop could be justified on the explicitly pretextual basis that the officer had observed the vehicle going three miles per hour over the speed limit. *See State v. Newer*, No. 2006AP2388–CR (WI App. Aug. 8, 2007). The supreme court denied our certification.

¶ 2. We now reverse the circuit court's suppression of the evidence and remand for further proceedings. We adopt the view articulated by the supreme court of Minnesota in *State v. Pike*, 551 N.W.2d 919, 922 (Minn. 1996): that an officer's knowledge that a vehicle's owner's license is revoked will support reasonable suspicion for a traffic stop so long as the officer remains unaware of any facts that would suggest that the owner is not driving. Because we uphold the stop on these grounds, we do not address the alternative grounds proffered by the State.

¶ 3. The undisputed facts come from the officer's suppression hearing testimony. On December 20, 2005, in the early morning, the officer was driving his squad car when he encountered a vehicle traveling in the opposite direction. The officer activated his radar and found that the oncoming vehicle was traveling at twenty-eight miles per hour, while the posted speed limit was twenty-five miles per hour. The officer continued past the vehicle, but ran the license plate and found that the vehicle was registered to Newer. He then contacted the sheriff's department and learned that Newer's license was revoked. The officer turned his squad around, caught up with the vehicle and activated his lights and stopped the vehicle. The officer contacted the driver, Newer, and eventually arrested him for operating while intoxicated.

195

¶ 4. At the time the officer stopped the vehicle, he did not know whether Newer was driving the car; he also did not know the gender of the driver. He testified that he did not stop the vehicle for the three-mile-per-hour speeding violation, but that the speed violation "would give me the pretextual stop." The circuit court suppressed the evidence, holding that the officer lacked grounds to reasonably suspect driving on a revoked license because he did not know who was driving the vehicle.[2]

¶ 5. The State appeals, contending that the officer had reasonable suspicion to stop Newer's vehicle because the officer knew that, if Newer were driving, he would be in violation of WIS. STAT. § 343.44(1)(b) (forbidding operating after revocation). The State argues that it is a common-sense assumption that the owner of a vehicle is also the driver, and thus the officer was reasonable in believing that Newer was driving his vehicle illegally. The State also points to eleven foreign cases in support. *Pike*, 551 N.W.2d 919, and *Village of Lake in the Hills v. Lloyd*, 591 N.E.2d 524 (Ill. App. Ct. 1992), are representative. In *Pike*, the Minnesota court, facing a stop much like this one,[3] held that

---

[2] The circuit court also refused to consider the alternative grounds of the observed speeding violation because the officer "wasn't using that as a basis for the stop." We note that the officer's subjective motivation for making a stop is not the issue; if the officer has facts that could justify reasonable suspicion (or probable cause), it is of no import that the officer is not subjectively motivated by a desire to investigate this suspicion. *See, e.g., State v. Baudhuin*, 141 Wis. 2d 642, 650–51, 416 N.W.2d 60 (1987); *Whren v. United States*, 517 U.S. 806, 813 (1996). We question the wisdom of this rule when it comes to extremely minor traffic violations, but that is for another day.

[3] The officer in *Pike* also testified that he observed suspicious driving and had also noted the age and gender of the

196

[w]hen an officer observes a vehicle being driven, it is rational for him or her to infer that the owner of the vehicle is the current operator . . . . Thus, we hold that the knowledge that the owner of a vehicle has a revoked license is enough to form the basis of a "reasonable suspicion of criminal activity" when an officer observes the vehicle being driven.

*Pike*, 551 N.W.2d at 922. However, the court went on to limit its holding, stating that it

applies only while the officer remains unaware of any facts which would render unreasonable the assumption that the owner is driving the vehicle. Thus, for example, if the officer knows that the owner of a vehicle has a revoked license and further, that the owner is a 22–year-old male, and the officer observes that the person driving the vehicle is a 50– or 60–year-old woman, any reasonable suspicion of criminal activity evaporates.

*Id.*

¶ 6. In *Lake in the Hills*, the Illinois court confronted the same question and held that based on "common sense . . . an officer may reasonably presume

---

driver, which matched that of the owner. *State v. Pike*, 551 N.W.2d 919, 922 (Minn. 1996). The court of appeals held that the district court had discounted this testimony, and the supreme court did not address these additional grounds because it held that the stop was justified based solely on the officer's knowledge that the vehicle's owner's license was revoked. *Id.* It is thus not correct to claim, as Newer does, that the *Pike* court did not address "a situation where, as in Mr. Newer's case, an officer makes a stop with absolutely no knowledge of the race, sex or age of the driver of the motor vehicle." Though that may or may not have been the situation that the officer confronted in the real-world occurrence that gave rise to *Pike*, it is precisely the question that the court asked and answered in the litigation itself.

that the owner of a vehicle is also the driver." *Lake in the Hills*, 591 N.E.2d at 526. The Illinois court did not limit its holding as the Minnesota court did.

■

¶ 7. We conclude that the *Pike* opinion correctly described the inquiry a court should make in a situation involving a vehicle whose owner's license is suspended and we therefore adopt it as our own. It is indeed a reasonable assumption that the person driving a particular vehicle is that vehicle's owner. It is not, of course, an infallibly true assumption, but that is not what is required for reasonable suspicion. "[T]he requirement of reasonable suspicion is not a requirement of absolute certainty: 'sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment . . . .' " *New Jersey v. T.L.O.*, 469 U.S. 325, 346 (1985) (citation omitted).

■

¶ 8. However, the reasonable suspicion inquiry considers the totality of the circumstances. *State v. Williams*, 2001 WI 21, ¶ 22, 241 Wis. 2d 631, 623 N.W.2d 106. If an officer comes upon information suggesting that the assumption is not valid in a particular case, for example that the vehicle's driver appears to be much older, much younger, or of a different gender than the vehicle's registered owner, reasonable suspicion would, of course, dissipate. There would simply be no reason to think that the nonowner driver had a revoked license.

■

¶ 9. Here, the officer did not observe the driver of the vehicle and had no reason to think that it was anyone other than the vehicle's owner at any time

during the stop. The officer was entitled to rely on the reasonable assumption that the owner of a vehicle is most likely the driver.[4]

*By the Court.*—Order reversed and cause remanded.

---

[4] We also reject Newer's attempt to analogize this case to *State v. Lord*, 2006 WI 122, 297 Wis. 2d 592, 723 N.W.2d 425. *Lord* stands for the proposition that an officer does not have reasonable suspicion to stop a vehicle merely because it is displaying temporary tags in accordance with the law of this state. *Id.*, ¶ 7. The *Lord* court relied on *Delaware v. Prouse*, 440 U.S. 648 (1979), in which the Supreme Court rejected stops merely to determine whether a vehicle is properly registered. *Lord*, 297 Wis. 2d 592, ¶ 4. The *Lord* court did not address a situation like this one, in which a reasonable assumption of lawbreaking can be drawn from the circumstances. *Id.*