[No. S149728. Dec. 11, 2008.]

In re RAYMOND C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND C., Defendant and Appellant.

COUNSEL

Jean Ballantine, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R. Anderson and Dane R. Gillette, Chief Assistant Attorneys General, Gary W. Schons, Assistant Attorney General, Barry Carlton, Steven T. Oetting, Jennifer A. Jadovitz and Jeffrey J. Koch, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CORRIGAN, J.**—In this companion case to *People v. Hernandez* (2008) 45 Cal.4th 295 (*Hernandez*), we conclude that the officer acted with sufficient particularized suspicion to justify the traffic stop at issue here.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At 1:00 a.m. on October 24, 2004, Officer Timothy Kandler saw Raymond C. driving an Acura without license plates or a temporary operating permit in the rear window. The car was otherwise being driven lawfully. Kandler could not see whether there was a temporary permit in the front window. He stopped the Acura for the apparent license plate violation.

Kandler asked Raymond for his driver's license, registration,[1] and proof of insurance. Raymond provided his driver's license and proof of insurance and said the temporary permit was displayed in the front window.[2] In the course of the conversation Kandler noticed the odor of alcohol emanating from Raymond's breath and person. Kandler then administered a field sobriety test, which Raymond failed.

At a motion to suppress evidence[3] Raymond's father testified that he purchased the 2005 Acura on October 2, 2004, and did not receive license

---

[1] A driver is required to show an officer a license and proof of registration. (*People v. Saunders* (2006) 38 Cal.4th 1129, 1137 [45 Cal.Rptr.3d 66, 136 P.3d 859] (*Saunders*); Veh. Code, § 4462, subd. (a).)

[2] A temporary permit is to be placed in the lower rear window. However, if it would be obscured there, it may be placed in the lower right corner of either the windshield or a side window. (Dept. Motor Veh. Handbook of Registration Procedures (Oct. 2007) ch. 2, § 2.020, p. 7 available online at <http://dmv.ca.gov/pubs/reg_hdbk_pdf/ch02.pdf> [as of Dec. 11, 2008].)

[3] Penal Code section 1538.5.

plates until early December. The two-week-old car was "shiny and new" when his son was arrested. There was a temporary permit in the front window.

Raymond's motion to suppress was denied. The court found that he had driven a vehicle under the influence of alcohol and with a blood-alcohol level of 0.08 percent or more.[4] Raymond was declared a ward of the court and placed on probation with conditions including a 10-day work program.

The Court of Appeal affirmed, holding that the officer had reasonable grounds for the stop. He saw that Raymond's car did not have license plates or a temporary permit in the rear window; he could not see whether there was a temporary permit in the front window. "[T]he absence of a rear plate or, from the officer's vantage point, a temporary tag substituting for the plate, justified the stop."

We affirm the judgment of the Court of Appeal.

## II. DISCUSSION

We reviewed the fundamental principles of applicable law in the companion case, *Hernandez, supra,* 45 Cal.4th 295, 298–300.

In ruling on a motion to suppress, the trial court finds the historical facts, then determines whether the applicable rule of law has been violated. (*Saunders, supra,* 38 Cal.4th at pp. 1133–1134.) "We review the court's resolution of the factual inquiry under the deferential substantial-evidence standard. The ruling on whether the applicable law applies to the facts is a mixed question of law and fact that is subject to independent review. [Citation.]" (*Id.* at p. 1134.) This case, like *Hernandez, supra,* 45 Cal.4th 295, turns on a question of law.

█ "[E]xcept in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment. . . . [P]ersons in automobiles on public roadways may not for that reason alone have their travel and privacy interfered with at the unbridled discretion of police officers." (*Delaware v. Prouse* (1979) 440 U.S. 648, 663 [59 L.Ed.2d 660, 99 S.Ct. 1391].)

---

[4] Vehicle Code section 23152, subdivisions (a) and (b).

■ The Fourth Amendment protects against unreasonable searches and seizures. (U.S. Const., 4th Amend.; *Terry v. Ohio* (1968) 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868].) "A detention is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity." (*People v. Souza* (1994) 9 Cal.4th 224, 231 [36 Cal.Rptr.2d 569, 885 P.2d 982] (*Souza*).) Ordinary traffic stops are treated as investigatory detentions for which the officer must be able to articulate specific facts justifying the suspicion that a crime is being committed. (*People v. Wells* (2006) 38 Cal.4th 1078, 1082–1083 [45 Cal.Rptr.3d 8, 136 P.3d 810]; *People v. Superior Court (Simon)* (1972) 7 Cal.3d 186, 200 [101 Cal.Rptr. 837, 496 P.2d 1205].)

We agree with the Court of Appeal that the facts here supported the officer's reasonable suspicion that the car was being driven in violation of vehicular license requirements. (Veh. Code, §§ 5200, 5201.)

The cases that Raymond relies upon are inapposite. In most of them the officers saw temporary permits, but disregarded them, as in the companion case, *People v. Hernandez, supra*, 45 Cal.4th 295.[5] Here, Officer Kandler saw neither license plates nor a temporary permit before he made the stop.[6]

■ The touchstone of the Fourth Amendment is reasonableness. (*United States v. Knights* (2001) 534 U.S. 112, 118 [151 L.Ed.2d 497, 122 S.Ct. 587].) Whether an officer's conduct was reasonable is evaluated on a case-by-case basis in light of the totality of the circumstances. (*Souza, supra*, 9 Cal.4th at p. 231.)

■ Officer Kandler was driving behind Raymond's car. Certainly further observation was permitted. The question is whether Officer Kandler was allowed to stop the car in order to continue his investigation. Raymond

---

[5] *U.S. v. Wilson* (4th Cir. 2000) 205 F.3d 720, 721–722 (temporary tag); *Berry v. State* (2001) 248 Ga.App. 874 [547 S.E.2d 664, 668] (drive-out tag); *State v. Aguilar* (Ct.App. 2007) 2007 NMCA 40 [141 N.M. 364, 155 P.3d 769, 770–771] (temporary dealer tag); *State v. Butler* (Ct.App. 2000) 343 S.C. 198 [539 S.E.2d 414, 415–416] (temporary tag); *State v. Lord* (2006) 2006 WI 122 [297 Wis.2d 592, 723 N.W.2d 425, 426] (temporary plate); see also *People v. Nabong* (2004) 115 Cal.App.4th Supp. 1, 3 [9 Cal.Rptr.3d 854] (temporary registration tag).

[6] *U.S. v. Lopez-Soto* (9th Cir. 2000) 205 F.3d 1101 is inapposite for a different reason. In *Lopez-Soto*, the stop was predicated on the San Diego officer's mistaken belief that Baja California required that registration stickers be visible from the rear of the vehicle. Here, there is no indication that Officer Kandler believed that the rear window was the only place that a temporary permit may lawfully be affixed. It is, however, the preferred location. (*Ante*, fn. 2.) Therefore, when Kandler did not see a temporary permit in the rear window, it was reasonable for him to stop the car to investigate further.

argues that the officer should have driven around the vehicle to see all the windows. Such maneuvering would require driving alongside the Acura on both sides and driving ahead of it while scanning the windshield in the officer's rearview mirror. Even assuming the officer could have engaged in these potentially dangerous maneuvers, he was not required to do so. "The reasonableness of [an] officer's decision to stop a suspect does not turn on the availability of less intrusive investigatory techniques." (*United States v. Sokolow* (1989) 490 U.S. 1, 11 [104 L.Ed.2d 1, 109 S.Ct. 1581].) Nor is an officer required to eliminate all innocent explanations that might account for the facts supporting a particularized suspicion. (*People v. Glaser* (1995) 11 Cal.4th 354, 373 [45 Cal.Rptr.2d 425, 902 P.2d 729].) The course Kandler followed was reasonable as well as safer for him, Raymond, and other motorists. Moreover, if Kandler had passed Raymond in order to check his windshield for a temporary permit, he would have lost control of the situation. Raymond could have turned into a side street and driven away before the officer could turn around and follow. If the car had been stolen, allowing the driver to fall in behind the officer would place the officer in danger of attack by a felon seeking to avoid arrest. The course taken by Kandler was entirely reasonable under the circumstances.

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.