**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 12 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50400 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01194-PA-1 |
| v. | |
| DUANE REED MOORE, Jr., | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted November 3, 2009
Pasadena, California

Before: T.G. NELSON, BYBEE and M. SMITH, Circuit Judges.

Defendant-Appellant Duane Reed Moore, Jr. appeals the district court's

denial of his motion to suppress evidence and statements taken following a traffic

stop of his car. We affirm the district court's denial of Moore's motion to

suppress, because the officers who conducted the stop of Moore's car possessed

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

reasonable suspicion to believe that Moore's car was in violation of California's laws regarding the display of license plates.

The California Vehicle Code provides: "When two license plates are issued by the department for use upon a vehicle, they shall be attached to the vehicle for which they were issued, one in the front and one in the rear." Cal. Vehicle Code § 5200(a). However, California law permits a driver to display a temporary registration in lieu of license plates when: (1) he has not yet been issued license plates; and (2) he purchased the car less than six months prior. *Id.* §§ 4456(c), 5200. In the event that a purchaser of a new vehicle falls within this exception, the California DMV's handbook directs such a purchaser to display the temporary registration in the lower rear window unless the registration information would be obscured, in which case the purchaser may display the temporary registration on the lower right corner of the windshield. *Handbook of Registration Procedures* § 2.020 (2007), *available at* http://www.dmv.ca.gov/pubs/reg_hdbk_pdf/ch02.pdf (visited Nov. 3, 2009). Moore argues that because the officers who stopped his car saw only that the car lacked license plates and did not look at the windshield to see the temporary registration posted there, the officers stopped his car based on a mistake of law or, in the alternative, based on an unreasonable mistake of fact.

Moore is incorrect. First, the stop was not based on a mistake of law. Even if the officers were mistaken about the precise requirements of California law, the officers made the stop based on certain objective factors unrelated to any alleged misunderstanding of law. *See United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002). In the cases in which we have held that a stop was based on a mistake of law, the objective facts known to the officers were legally irrelevant to whether the defendant had violated the law. *See, e.g.*, *United States v. Lopez-Soto*, 205 F.3d 1101, 1103-06 (9th Cir. 2000).

Second, to the extent that the officers made the stop based on a mistake of fact, that mistake of fact was reasonable. *See United States v. Twilley*, 222 F.3d 1092, 1096 n.1 (9th Cir. 2000). In other words, it was reasonable for the officers to conduct the stop despite failing to check the windshield. The officers were not required to negate every possible innocent explanation for the lack of plates before making the stop. *See United States v. Tiong*, 224 F.3d 1136, 1140-41 (9th Cir. 2000). Furthermore, in addition to the lack of license plates (which in most cases constitutes a violation of California law), a variety of factors enhanced the reasonableness of the stop. Contrary to the directions of the DMV handbook, Moore's temporary registration was posted on the windshield rather than the rear window, even though there was nothing to suggest that it would have been

3

obscured if placed on the rear.  Also contrary to the instructions of the handbook, the registration was folded such that the registration information was not visible and could not be verified from the officers' positions.  Finally, the officers testified that in their experience, car thieves often display pieces of paper in their windshields to make it seem like the car is legitimately registered, and thus seeing a piece of paper in the windshield (especially one that was unreadable) would have done little to negate their reasonable suspicion.  Based on these facts, the officers were permitted to stop Moore's car rather than circling around the car to check the windshield.  *See In re Raymond C.*, 196 P.3d 810, 813 (Cal. 2008).

**AFFIRMED.**