Filed 9/29/14  P. v. Anthony CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JAMES PERRY ANTHONY,<br><br>        Defendant and Appellant. | A140217<br><br>(Contra Costa County<br>Super. Ct. No. 05-131788-2) |

After denial of his motion to suppress evidence (Pen. Code, § 1538.5),[1] appellant James Perry Anthony entered a plea of no contest to being a felon in possession of a firearm (§ 29800, subd. (a)(1)).  He appeals only the denial of his preplea motion to suppress the evidence against him.  (§ 1538.5, subd. (m).)

Assigned counsel has submitted a *Wende*[2] brief, certifying that counsel has been unable to identify any issues for appellate review.  Counsel also has submitted a declaration confirming that Anthony has been advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention.  No supplemental brief has been submitted.  As required, we have independently reviewed the record.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)  We find no arguable issues and affirm.

_____

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Wende* (1979) 25 Cal.3d 436.

1

## BACKGROUND

On August 6, 2013, at approximately 3:07 p.m., Richmond Police Officer Lane Matsui initiated a traffic stop of a silver Nissan Maxima that he observed lacked front or rear license plates (Veh. Code, § 5200). The car instead had a "red paper license plate" on the rear of the vehicle. Matsui checked the rear window and did not see any temporary operating permit sticker affixed there. The driver explained that she had recently purchased the vehicle and gave Matsui paperwork documenting the purchase. Anthony was in the passenger seat of the vehicle. Matsui noticed that Anthony was "breathing really heavily" and "appeared very nervous." Matsui believed that Anthony was avoiding eye contact with him. After verifying the vehicle paperwork, Matsui asked the driver for permission to search her car. She agreed.[3] A loaded firearm was found underneath the seat where Anthony had been sitting. The gun was lying on its right side, with the grip to the front and muzzle pointing toward the left rear of the vehicle, as if "a right-handed person stuck it underneath the seat of the car." The driver denied that it was hers. Matsui arrested Anthony.

Anthony was charged by information with one felony count of being a felon in possession of a firearm (§ 29800, subd. (a)(1)) and one felony count of carrying a loaded firearm in public (§ 25850, subds. (a) & (c)(1)). He moved to suppress the evidence against him, challenging his detention and the vehicle search. At an October 18, 2013 hearing on the motion, Matsui testified to the foregoing facts. The defense presented testimony of the driver and dealer who sold her the vehicle that "DMV paperwork" had been affixed by the dealer in the lower right portion of the windshield and was there at the time of the traffic stop. Both the driver and dealer confirmed that the car did not have DMV-issued license plates. The dealer testified that a DMV "report of sale" is affixed to the windshield so that the purchasers are "legally able to drive for ninety days" until the registration arrives from the DMV. Matsui testified that he had no recollection of having

---

[3] At the suppression hearing, the driver testified that she initially declined to give consent, but then agreed.

2

seen any DMV paperwork in the windshield, and that the only paperwork he reviewed was given to him by the driver.

The court denied the motion, finding no evidence that the arresting officer actually observed temporary DMV paperwork in the vehicle's windshield, whether or not it was actually there, and that the traffic stop was valid. The magistrate questioned Anthony's standing to challenge the search, but found the search was pursuant to valid consent from the vehicle's owner and driver.

Anthony entered a no contest plea to being a felon in possession of a firearm (§ 29800, subd. (a)(1)) in exchange for dismissal of the balance of the information, and eligibility for probation and reduction of the offense to a misdemeanor in two years. The court suspended imposition of sentence and placed Anthony on three years of formal probation, with a condition that he serve 180 days in county jail. Anthony received credit for 148 days of time already served. The court also imposed, without objection, a restitution fine of $280 (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), $350 in attorney fees (§ 987.8, subd. (b)), and a $176 probation report fee (§ 1203.1b). Anthony later filed a timely notice of appeal, challenging only the denial of his motion to suppress evidence.

## DISCUSSION

We find no arguable issues. Anthony has standing to challenge the traffic stop and detention of a vehicle in which he is a passenger (*Brendlin v. California* (2007) 551 U.S. 249, 257.) The stop, however, was valid under facts known to the officer at the time. An officer may stop a vehicle for investigation if a vehicle has no license plates and the officer does not see a temporary permit. (*In re Raymond C.* (2008) 45 Cal.4th 303, 307; *People v. Greenwood* (2010) 189 Cal.App.4th 742, 748.)

Anthony does not have standing to challenge the vehicle search (*Rakas v. Illinois* (1978) 439 U.S. 128, 148), which was in any event indisputably made pursuant to valid consent.

## DISPOSITION

The judgment is affirmed.

_____
Bruiniers, J.

We concur:


_____
Jones, P. J.


_____
Needham, J.