Filed 3/12/26  P. v. Rosel CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065289 |
| v. | (Super. Ct. No. 24CF0101) |
| MAURILIO IVAN ROSEL, JR., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lewis W. Clapp, Judge. Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Maurilio Ivan Rosel, Jr., pleaded guilty to several violations of the Penal and Vehicle Code and was sentenced to a prison term of two years eight months.

Appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, setting forth the facts of the case and requesting we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738, Rosel's appellate counsel suggests we consider whether the trial court properly denied Rosel's motion to suppress.

After an examination of the entire record and appointed counsel's *Wende/Anders* brief, we find no reasonably arguable issue. (*People v. Wende, supra*, 25 Cal.3d 436.) The judgment is affirmed.

FACTS

On January 8, 2024, City of Orange Police Department Officer Nykolo Gonzalez noticed a vehicle driven by Rosel with a dark window tint he believed was in violation of Vehicle Code section 26708, subdivision (a)(1). After Rosel saw Gonzalez, Rosel "open[ed] his eyes really wide" and "open[ed] his hands to a 10:00 and 2:00 position" on the steering wheel. Gonzalez followed Rosel to make a traffic stop and activated his overhead emergency lights, but Rosel continued to drive and increased his speed. Gonzalez then turned on his siren. Instead of stopping, Rosel made a right turn onto a cross street while exceeding the 40 miles per hour speed limit. Rosel approached another intersection, increased his speed, crossed over double yellow lines, and drove into oncoming traffic for a short period of time. He then turned left at an intersection into a residential neighborhood, almost colliding with another vehicle. Gonzalez estimated Rosel was driving "in excess of 80 miles per hour" when he made the left turn.

Gonzalez continued pursuing Rosel and broadcasted information about the pursuit to other agencies in the area for assistance. Rosel continued to drive into oncoming traffic and ran through a stop sign. When he attempted to make a right turn at another intersection, he collided into a parked vehicle.

Rosel exited the driver's seat of his car and fled along the sidewalk. Gonzalez's partner pursued Rosel, while Gonzalez checked Rosel's vehicle and confirmed it had no other occupants. Gonzalez searched Rosel's vehicle and found a magazine loaded with 10 rounds of nine-millimeter ammunition and an empty holster on top of the center console. Gonzalez notified other officers in the area that Rosel was possibly armed with a loaded firearm.

Rosel was eventually apprehended. Officers later located Rosel's jacket and a satchel near the jacket. Inside the satchel they found a Polymer 80 gun containing an 11-round magazine with nine-millimeter Glock-style rounds. No serial numbers were visible on the lower portion of the gun. Rosel was arrested.

PROCEDURAL HISTORY

Rosel was charged in an amended information with: (1) evading a peace officer and driving against traffic (Veh. Code, § 2800.4); (2) evading a peace officer while driving recklessly (*id.*, § 2800.2); (3) carrying a loaded firearm in public as a convicted felon (Pen. Code, § 25850, subds. (a) & (c)(1)); (4) possessing a firearm as a convicted felon (*id.*, § 29800, subd. (a)(1)); (5) possessing a concealed weapon in a vehicle as a convicted felon (*id.*, § 25400, subds. (a)(1) & (c)(1)); (6) concealing a firearm in a vehicle as a prohibited person (*id.*, § 25400, subds. (a)(1) & (c)(4)); (7) unlawfully possessing a loaded firearm in public (*id.*, § 25850, subds. (a) & (c)(4));

3

(8) carrying a loaded unregistered firearm in public (*id.*, § 25850, subds. (a) & (c)(6)); (9) misdemeanor hit and run with property damage (Veh. Code, § 20002, subd. (a)); and (10) misdemeanor resisting and obstructing an officer (Pen. Code, § 148, subd. (a)(1)).

On June 20, 2024, Rosel moved to suppress evidence pursuant to Penal Code section 1538.5. The trial court denied the motion.[1] Rosel subsequently pleaded guilty to all counts. The court imposed a prison term of two years eight months.

## DISCUSSION

""'In reviewing a trial court's ruling on a motion to suppress evidence, we defer to that court's factual findings, express or implied, if they are supported by substantial evidence. [Citation.] We exercise our independent judgment in determining whether, on the facts presented, the search or seizure was reasonable under the Fourth Amendment.'" [Citation.] In doing so we do not consider each fact in isolation. Instead, 'we must consider "the totality of the circumstances—the whole picture."'" (*People v. Flores* (2024) 15 Cal.5th 1032, 1043.)

"A traffic stop is a seizure subject to the protections of the Fourth Amendment of the United States Constitution." (*People v. Nice* (2016) 247 Cal.App.4th 928, 937.) An officer may conduct a traffic stop if it is based on "'at least reasonable suspicion that the driver has violated the Vehicle Code or some other law.'" (*People v. Durazo* (2004) 124 Cal.App.4th 728, 734–735.) "Reasonable suspicion is a lesser standard than probable cause and can arise from less reliable information than that required for probable cause."

---

[1] No new evidence was presented at the hearing on the motion to suppress as the trial court relied on the evidence adduced at the preliminary hearing, the briefs submitted by counsel, and argument.

(*People v. Espino* (2016) 247 Cal.App.4th 746, 757.) To establish reasonable suspicion, an officer must "'point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity.'" (*In re Raymond C.* (2008) 45 Cal.4th 303, 307.)

By denying the motion to suppress, the trial court necessarily found Gonzalez had reasonable suspicion to stop Rosel. (*See People v. Gyorgy* (2023) 93 Cal.App.5th 659, 675.) Substantial evidence supports that finding. Gonzalez testified as to Rosel's reactions and observed tinted windows on Rosel's vehicle that appeared to be in violation of Vehicle Code section 26708, subdivision (a)(1).

Nothing suggests Gonzalez's testimony was not credible. In any event, "'[c]onflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the [trier of fact] to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.'" (*People v. Mumin* (2023) 15 Cal.5th 176, 202.)

After our independent review of the entire appellate record, we find no reasonably arguable issues.

DISPOSITION

The judgment is affirmed.

MOTOIKE, ACTING P. J.

WE CONCUR:

DELANEY, J.

SCOTT, J.